**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-04320** |
| | **Chapter 7** |
| **EDWIN JOSUE ALICEA MAISONET** | |
| | **Adversary No. 14-00139** |
| **Debtor(s)** | |
| **WIGBERTO LUGO MENDER CHAPTER 7 TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **SCOTIABANK PR** | |
| | **FILED & ENTERED ON 04/10/2015** |
| **Defendant(s)** | |

<u>**OPINION & ORDER**</u>

Before the court is the Motion for Summary Judgment (Dkt. No. 11) filed by Plaintiff/Chapter 7 Trustee, Wigberto Lugo Mender, (the "Plaintiff"), Defendant Scotiabank Puerto Rico's Reply to Motion for Summary Judgment (the "Defendant") (Dkt. No. 14) and Defendant's Statement of Uncontested Facts and Memorandum of Law in Support of Reply to Motion for Summary Judgment and Counter Motion for Summary Judgment (Dkt. No. 15), and Plaintiff's Opposition to Defendant's Reply to Motion Requesting Entry of Summary Judgment (Dkt. No. 16). For the reasons stated herein, the Plaintiff's Motion for Summary Judgment is GRANTED and the Defendant's Counter Motion for Summary Judgment is DENIED.

**Factual Background**

On May 31, 2012, Edwin Alicea Maisonet, ("the Debtor"), filed a chapter 13 bankruptcy petition. Subsequently, on December 23, 2013, the Debtor's bankruptcy case was converted to chapter 7. Wigberto Lugo Mender was appointed as the trustee. On June 21, 2007, a mortgage deed securing a mortgage note was executed by the Debtor in favor of RG Premier Bank of Puerto Rico, the Defendant's predecessor in interest, for the amount of $220,000.00. On April 9, 2012, 52 days before the bankruptcy petition was filed, the deed was presented for recordation at the Puerto Rico Real Property Registry, Section IV of San Juan, where it was subsequently recorded.

On May 30, 2014, the Plaintiff filed an adversary proceeding against the Defendant to avoid the aforementioned lien as a pre-petition preferential transfer. On July 2, 2014, the Defendant filed an answer to the complaint claiming that if the mortgage were to be avoided and preserved for the benefit of the estate, the Plaintiff would not be able to sell the property pursuant to 11 U.S.C. § 363. The Defendant alleged that the Plaintiff could only: (1) sell the avoided mortgage; or (2) step into the shoes of the mortgagee and await a voluntary sale by the debtor or a default that would allow a foreclosure.[1] The Defendant bases its argument on a ruling of the U.S. Court of Appeals for the First Circuit in the case of In re Traverse, 753 F.3d 19, 31 (1st Cir. 2014). The Defendant also claims that the Plaintiff's complaint fails to join a title insurance company as a necessary party. The parties motions for summary judgment and cross motion followed.

**Standard of Review**

The role of summary judgment is to look behind the facade of the pleadings and assess the

---

[1]See Adversary Proceeding Case Docket No. 7, pg. 2.

parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P. Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings that it believes demonstrate there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004).

Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388. Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1stCir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable

inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

**Legal Analysis**

The main issues before the court are: (1) whether the Plaintiff may avoid the Defendant's mortgage as a preferential transfer; (2) whether the ruling in In re Traverse may be applied to the case at bar; and (3) whether a title insurance company is an indispensable party that must be brought to this complaint.

As to the avoidance of preferential transfers, in order for a mortgage lien to be avoided, all of the requirements under 11 U.S.C. § 547(b) must be satisfied. Therefore, the Plaintiff bears the burden of proving the transfers were (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfers were made; (3) made while the debtor was insolvent; (4) on or within ninety (90) days before the date of filing of the petition; and (5) enabled the benefited creditor to receive more than such creditor would have received had the case been a chapter 7 liquidation and the creditor had not received the transfer.

Plaintiff's Motion for Summary Judgment, specifically Exhibit A[2], includes a "Certificación

---

[2]See Adversary Proceeding Case Docket No. 11-1, pg. 7.

Literal" in which the Property Registrar provided official copies of all entries recorded and related to the Debtor's real property. This court takes notice of the fact that such exhibit has been submitted in Spanish. In its Motion for Summary Judgment, Plaintiff prays for this court to accept the exhibit in Spanish until funds can be procured to pay for its official translation into English. The court hereby grants the petition, but stresses the urgency in which these translations must be obtained, particularly if any of the parties herein where to resort to an appellate court. That being said, these documents confirm that Defendant's lien was perfected within the 90-day preferential period. This court is satisfied with the evidence provided by the Plaintiff that the Defendant's lien is a preference as defined by the Code. Furthermore, considering that the Defendant has failed to present any contested facts or any defense under 11 U.S.C. § 547(c) that would allow him to preserve the lien, there is nothing in the case at bar that impedes the court to sanction the Plaintiff's intention to exercise his "strong-arm" powers and avoid Defendant's mortgage, as this transfer was indeed a preference.

As to whether or not the ruling of the Court of Appeals for the First Circuit Court in the In re Traverse case can be applied to the case at bar, this court finds that such case is not relevant. The factual background in In re Traverse is different than the one present in the instant case.

In In re Traverse, although a first mortgage lien encumbering the debtor's residence had not been recorded, the debtor was current in all the mortgage payments and had claimed a homestead exemption under Massachusetts's law. The exemption claimed covered the entire value of the debtor's residence. The trustee, however, sought to use his strong-arm powers, pursuant to 11 U.S.C. §§§ 541, 544 & 551, to avoid the unperfected lien. The trustee intended to acquire an interest in the debtor's residence that would enable him to sell the property for the benefit of the estate. The Court concluded that preserving a lien entitles an estate to the full value of such lien. Nevertheless, if the

lien is a mortgage that has not defaulted and encumbers a property that is exempted, the trustee can, for the benefit of the estate, either: (1) enjoy the liquid market value of that mortgage; (2) claim the first proceeds from a voluntary sale; or (3) wait to exercise the rights of a mortgagee in the event of a default. However, "the trustee may not repurpose the mortgage to transform otherwise exempted assets, to which neither the estate nor the original mortgagee boasted any ownership rights, into the property of the bankruptcy estate." Traverse, 753 F.3d at 31.Consequently, the Court determined that since the debtor's residence had no equity available for the estate beyond the claim of other secured creditors and the debtor 's own exempt interest, the trustee was barred from fulfilling his intention of selling the residence for the benefit of the estate.

The facts in the instant case are different. First, the Debtor has defaulted on his mortgage payments. Second, the court takes judicial notice that the $20,975.00 homestead exemption claimed by the debtor, does not exceed the property's $160,000.00 value, as stated on the amended schedules submitted on February 3, 2014.[3] Therefore, there is equity available in the Debtor's residence for the benefit of the estate. The Plaintiff is entitled to acquire an interest in the debtor's residence that would enable him to sell the property, if he so chooses.

As to whether or not a title insurance is company is an indispensable party that must be brought to this proceeding, the court agrees with Plaintiff's posture; such entity is not needed for this court to afford the relief requested by the Plaintiff. The Defendant could have opted to bring the title insurer as a third party to this adversary proceeding. The Defendant has not done so.

---

[3]See Legal Case Docket No. 101, Schedules A and C.

**Conclusion**

Summarily, the Plaintiff has successfully carried out the burden of proof required under 11 U.S.C. § 547(b), thus, allowing the court to declare Defendant's mortgage lien a preferential transfer that can be avoided by Plaintiff for the benefit of the estate. Moreover, the Defendant has failed to present evidence to demonstrate that there is a genuine issue of fact in dispute for a trial.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Summary Judgment shall be, and it hereby is, GRANTED. Defendant's Counter Motion for Summary Judgment is DENIED. Clerk to enter judgment.

SO ORDERED

San Juan, Puerto Rico, this 10th day of April, 2015.

Brian K. Tester
U.S. Bankruptcy Judge